```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                Plaintiff,                   :       18 Cr. 365-2 (LGS)
                                                             :
                -against-                                    :       ORDER
                                                             :
OCTAVIO MOLINA-ACEVEDO,                                      :
                                Defendant.                   :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 31, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. No. 95). Pursuant to Defendant's motion, he has not exhausted administrative remedies;

WHEREAS, on April 1, 2020, the Court issued an order advising Defendant to begin the process of exhausting his administrative remedies, pursuant to the requirements of 18 USC 3582(c), as soon as possible (Dkt. No. 96);

WHERAS, on April 2, 2020, Defendant filed a supplemental letter, apprising the Court that Defendant's counsel had sent Defendant by overnight mail the necessary administrative remedy forms. The letter further stated that inmates at the facility at which Defendant is housed will be on 24 hour lock down for a period of fourteen days, and therefore Defendant will be unable to submit the forms to his counselor, per the administrative process (Dkt. No. 97);

WHEREAS, on April 2, 2020, the Government filed a letter response in opposition to Defendant's motion (Dkt. No. 98);

WHEREAS, under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons ("BOP")] to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court

may reduce the defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). It is hereby

**ORDERED** that, if Defendant is unable to submit a request to the warden of his facility pursuant to the administrative processes in place due to the lockdown of his facility, Defendant's attorney may do so on his behalf by sending such a request directly to the facility warden. It is further

**ORDERED** that Defendant's attorney shall inform the Court as soon as possible once such a request has been made.

Dated: April 3, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**