UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :     18 Cr. 365 (LGS)
                 -against-                                  :
                                                            :     <u>ORDER</u>
OCTAVIO MOLINA ACEVEDO,                                     :
                                          Defendant.        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 31, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 2, 2020, the Government filed a response in opposition to the motion. On April 3, 2020, Defendant filed a reply;

       WHEREAS, on March 15, 2019, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A). On July 1, 2019, Defendant was sentenced to thirty-six months' incarceration. The Government represents that Defendant is scheduled to be released in October 2020;

       WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

       WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

       WHEREAS, Defendant's motion does not indicate that he has exhausted his administrative remedies or otherwise satisfied this provision. On April 3, 2020, Defendant's counsel advised the Court via letter on ECF that he had faxed the Warden of CI Moshannon

Valley the appropriate forms to request the Bureau of Prisons ("BOP") to file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) on Defendant's behalf, but has not yet received a response. The Government represents that, because CI Moshannon Valley is a private facility, the Warden will make an initial recommendation to the BOP, on which the BOP will then act. Here, based on conversations with the Warden, the Government represents that the Warden intends to communicate the following to the BOP on April 10, 2020 — that Defendant would have been a potential candidate to serve the remainder of his sentence on home confinement, but that he is not eligible for home confinement because he is subject to a U.S. Immigration and Customs Enforcement ("ICE") detainer. The Warden therefore does not expect to recommend early release absent the option of home confinement. It is hereby

**ORDERED** that Defendant's motion for compassionate release is DENIED without prejudice to renewal upon compliance with § 3582(c)(1)(A). The Court lacks authority to waive the requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020). It is further

**ORDERED** that the Government shall inform the Court immediately upon notification of the BOP's decision in this matter and anticipated next steps or, if the BOP has not yet made a decision, the Government shall file a status letter on **April 20, 2020** to apprise the Court of the status of the process.

Dated: April 13, 2020
    New York, New York

    _____
    LORNA G. SCHOFIELD
    UNITED STATES DISTRICT JUDGE