UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :    18 Cr. 365 (LGS)
           -against-                                        :
                                                            :    ORDER
OCTAVIO MOLINA ACEVEDO,                                     :
                                       Defendant.           :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on March 31, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 13, 2020, the motion was denied without prejudice to renew for failure to exhaust his administrative remedies or otherwise satisfy the requirements § 3582(c)(1)(A);

      WHEREAS, on May 11, 2020, Defendant renewed his motion. On May 18, 2020, the Government filed a response in opposition;

      WHEREAS, on June 5, 2020 a hearing was held, and the Government filed Defendant's medical records under seal;

      WHEREAS, on June 12, 2020, Defendant filed a letter confirming the application for compassionate release "understanding that if granted, he will be released to the custody of ICE/HSI to be removed to Mexico as soon thereafter as possible";

      WHEREAS, on March 15, 2019, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A). On July 1, 2019, Defendant was sentenced to thirty-six months' incarceration. Defendant is currently housed at CI Moshannon Valley, a private correctional facility located outside Pittsburgh, Pennsylvania, and is scheduled to be released in October 2020. Because

Defendant is not a U.S. citizen, upon release he will be transferred to an immigration facility and ultimately removed to Mexico;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, on April 3, 2020, Defendant's request for compassionate release was forwarded to the Warden of his facility. The Warden denied Defendant's request on April 9, 2020. Defendant appealed the decision on April 20, 2020 and has not yet received a response. As it has been over thirty days since the April 9, 2020 denial, Defendant asserts, and the Government does not dispute, that he has exhausted his administrative remedies under the statute;

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement. *Id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some courts have interpreted a diminished ability to provide self-care as confinement to a bed or an equivalent inability to be independent in the activities of daily living pursuant to the BOP's guidance. *See, e.g., Gotti*, 2020 WL 497987, at *6 (citing Program Statement 50.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) ("PS 50.50"), at 4, *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf). Other courts in this district have found extraordinary and compelling reasons in a wider variety of circumstances in light of the worldwide pandemic of COVID-19. *See, e.g., United States v. Valencia*, No. 15 Cr. 163, 2020 WL 2319323, at *6 (S.D.N.Y. May 11, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic based on defendant's heart condition and hypertension and collecting cases); *United States v. Daugerdas*, No. 09 Cr. 581, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic because defendant suffers from Type 2 diabetes, obesity, hypertension and high cholesterol); *United States v. Scparta*, No. 18 Cr. 578, 2020 WL 1910481, at *9 (S.D.N.Y. Apr.

20, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic due to defendant's hypertension, sleep apnea, high blood pressure and high cholesterol); *United States v. Zukerman*, No. 16 Cr. 194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic based on defendant's age and the diagnoses of diabetes, hypertension, and obesity and collecting cases);

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors, including but not limited to diabetes mellitus, hypertension . . . coronary artery disease . . . might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12– March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2.  *See also* High-Risk Conditions, *Centers for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (last accessed May 21, 2020) (listing diabetes and heart conditions as high-risk conditions); Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease (COVID-19), *Centers for Disease Control & Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 21, 2020) (observing that "case fatality was higher for patients with comorbidities: 10.5% for those with cardiovascular disease, 7.3% for diabetes, and approximately 6% each for chronic respiratory disease, hypertension, and cancer.  Heart disease, hypertension, prior stroke, diabetes, chronic lung disease, and chronic kidney disease have all been associated with increased illness severity and adverse outcomes.").  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No.

15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant seeks a modification of his sentence on the grounds that he has been diagnosed with, among other things, diabetes, hypertension and coronary heart disease, and that these circumstances present "extraordinary and compelling reason" that warrant a sentence reduction. 18 U.S.C. § 2582(c)(1)(A)(i). Defendant is fifty-four years old. Due to complications from his medication conditions, Defendant has undergone bypass surgery, an amputation of several toes, and has lost vision and teeth. The Government does not dispute his health conditions or that the conditions place Defendant at elevated risk;

WHEREAS, Defendant represents in his first motion that he lives in a unit with seventy-four inmates who share three toilets and showers, a single sink to wash their hands, and four or five other sinks for washing personal items. Defendant's first motion also asserts that, "[d]ue to his poor vision, lightheadedness and physical infirmities, [he] is forced to rely on other inmates to assist him in most routine activities such as changing his linens, attending meals and using the bathroom. Social distancing is an obvious impossibility in this circumstance";

WHEREAS, the Government represents that the Warden asserted prior to drafting his denial of Defendant's request for compassionate release that "the defendant would have been a potential candidate to serve the remainder of his sentence on home confinement, but that the defendant is not eligible for home confinement because he is subject to a U.S. Immigration and Customs Enforcement ("ICE") detainer;

WHEREAS, Defendant's compromised health conditions, taken in concert with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to modify to Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the facility.

U.S.S.G. § 1B1.13, Application Note 1(A).  *See Daugerdas*, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020) (finding extraordinary and compelling reasons due to the pandemic and because defendant suffers from Type 2 diabetes, obesity, hypertension and high cholesterol); *United States v. Rivernider*, No. 3:10 Cr. 222, 2020 WL 2393959, at *1 (D. Conn. May 12, 2020) ("The Court finds that the risk posed to [defendant's] health by the novel coronavirus constitutes an extraordinary and compelling reason justifying compassionate release in accordance with § 3582(c)(1)(A).  [The defendant] is 54 years of age with diabetes, heart disease and hypertension, all significant risk factors for severe illness were he to contract COVID-19.");

WHEREAS, before granting compassionate release, this Court must find that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  U.S.S.G § 1B1.13(2).  Upon consideration of the factors, it is found that Defendant is not a danger to the community due to, *inter alia*, the non-violent nature of his crime, his lack of any significant criminal history and because he will be transferred to an immigration facility and ultimately removed to Mexico upon his release;

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a);

WHEREAS,  a court may deny a compassionate release motion if, "in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."  *United States v. Lisi*, No. 15 Cr. 457, 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020).  This is not the case here.  Defendant was convicted of a nonviolent crime, has served the majority of a sentence that balances the seriousness of his criminal conduct and his acceptance of responsibility, and the remaining term of incarceration is not such a substantial portion of his sentence that it would override the compelling circumstances found herein.  It is hereby,

**ORDERED** that, for the foregoing reasons, Defendant's application is **GRANTED**.  Defendant shall be released into the custody of ICE for removal to Mexico.

The Clerk of Court is respectfully requested to close the motions at Dkt. Nos. 109, 115 and 118.

Dated: June 15, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE